UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HAHKEEM JAMAL LAYMAN,

   Plaintiff,

v.

DUSTIN YOUNG, et al.,

   Defendants.

Case No. 3:24-CV-602-CCB-AZ

### **OPINION AND ORDER**

Before the Court is Defendants Matthew Schwartz, Dustin Young, and the City of Elkhart's motion to dismiss all of Plaintiff Hahkeem Jamal Layman's claims against them. (ECF 12). Based on the applicable law, facts, and arguments, the motion to dismiss is denied.

   **I.**   **RELEVANT BACKGROUND**

On August 18, 2020, Plaintiff Layman alleges that he was arriving home from work when Defendant Schwartz, an Elkhart police officer, racially profiled Layman and conducted an unlawful search. (ECF 3 at 2). Layman also alleges that Schwartz "proceeded to violently assault Mr. Layman without legal justification." (*Id*.) Layman alleges that Schwartz tried to cover up his misconduct by knowingly fabricating the version of events in a probable cause affidavit to manufacture false charges against Layman for resisting law enforcement, despite knowing there was no probable cause to initiate charges against Layman. Layman also alleges that Defendant Young, an Elkhart sergeant and police officer, joined the conspiracy to frame Layman by signing

Schwartz's false search warrant affidavit knowing that the statements were not true, and, at that time, Young had "already been implicated in misconduct that impacted his ability to testify in a criminal proceeding."(*Id*. at 3, 6). Layman alleges that the conspiracy to frame him was, in part, racially motivated. Layman alleges that based on the fabricated evidence, Layman was charged with resisting law enforcement on August 19, 2020. (*Id*. at 6). Layman alleges that Defendants intentionally sought to frame him for crimes he did not commit, and that Layman was incarcerated at the Elkhart County Jail for "more than a month of his life[.]" (*Id*. at 3).

During his criminal proceeding, Layman alleges that he filed a motion to suppress. There was a hearing on that motion, and on December 21, 2022, the court found Schwartz's testimony "less than credible." (*Id*. at 7). Schwartz allegedly testified at that hearing that he automatically does a pat down whenever he stops someone, and the court found that Schwartz's actions did "not comport with the legal standards." (*Id*.) Layman alleges that the "court granted Mr. Layman's motion to dismiss due to the violation of his constitutional rights" and that Defendants' unlawful criminal prosecution concluded when the State dismissed charges against him with prejudice on February 22, 2023. (*Id*. at 3, 7-8).

Layman also alleges that the violation of his constitutional rights were caused by the Elkhart Police Department's policies and practices. Layman alleges that in the 1990s, an investigation of the Elkhart police department allegedly revealed that officers used "brutality," and that the department failed to implement proper discipline of officers who committed misconduct. (*Id*. at 8). Layman alleges that by 2023, the Elkhart police

2

department has still not reformed, with officers continuing to engage in misconduct. Layman alleges that the custom, pattern, and practice of police misconduct has contributed to wrongful convictions of several individuals. Layman also alleges that the City of Elkhart's current assistant chief of police was part of a "cop gang" that existed within the Elkhart police department that espoused racist beliefs and targeted people of color, and that the City's continued employment and promotion of the assistant chief of police is "evidence of the widespread culture of misconduct that infects the Elkhart Police Department." (*Id*. at 11).

Layman sued Schwartz and Young, both in their individual capacities, and the City of Elkhart. Layman brings several claims under 42 U.S.C. § 1983 against all Defendants, including violation of his due process rights (Count I), deprivation of liberty without probable cause (Count II), failure to intervene (Count III), conspiracy to deprive Layman of his constitutional rights (Count IV), and equal protection (Count V), as well as a state-law claim for intentional infliction of emotional distress (Count XI). Layman also sues Young under § 1983 for failure to train and supervise his subordinates (Count VII). Layman also brings several claims against the City of Elkhart, including for liability under *Monell* (Count VI), negligent hiring, training, and supervision (Count VIII), willful and wanton conduct in hiring (Count IX), and respondeat superior (Count X).

Defendants move to dismiss all of Layman's claims, arguing that Layman's claims are time-barred.

## II. STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)); *accord McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2013) (a complaint "must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief"). "[A] formulaic recitation of the elements of a cause of action," and "naked assertions" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint therefore fails to state a claim if it does not "describe the claim in sufficient detail to give the defendant fair notice of what the … claim is and the grounds upon which it rests [or] plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal quotations omitted).

When meeting this threshold, however, complaints "do not need to contain elaborate factual recitations." *Sanjuan v. Am. Bd. Of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). Rather, at the motion to dismiss stage, the plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Id.* A court cannot dismiss a complaint for failure to state a claim if, taking the facts pleaded as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. The court, however, is "not bound by a plaintiff's legal characterization of the facts or required to ignore facts set

4

forth in the complaint that undermine a plaintiff's claim." *Pearson v. Garrett-Evangelical Theological Seminary, Inc.*, 790 F. Supp. 2d 759, 762–63 (N.D. Ill. 2011).

A statute of limitations defense is an affirmative defense; therefore, a complaint does not need to anticipate or plead against it. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Dismissal under Rule 12(b)(6) based on a statute of limitations defense may still be "appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006).

### III. ANALYSIS

#### a. Layman's federal law claims under § 1983

Layman asserts several federal claims against Defendants under § 1983. Section 1983 does not provide a specific statute of limitations. *Owens v. Okure*, 488 U.S. 235, 239, 109 (1989). Under 42 U.S.C. § 1988(a), the Court must look to state law and its limitations period, including its related tolling provisions. *Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011). Section 1983 claims are governed by the forum state's personal injury statute of limitations. *Campbell v. Forest River Pres. Dist. Of Cook County, Ill.*, 752 F.3d. 665, 667 (7th Cir. 2024). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens*, 488 U.S. at 249-250 (1989). Under Indiana law, the statute of limitations for personal injury actions is two years. Ind. Code § 34-11-2-4. Therefore, the statute of limitations for Layman's § 1983 action for violation of his constitutional rights is two years. The parties do not dispute

that the two-year statute of limitations period applies to Layman's claims against Defendants.

But the parties dispute when Layman's claims began to accrue. "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original). "Although courts look to state law for the length of the limitations period, the time at which a § 1983 claim accrues 'is a question of federal law,' 'conforming in general to common-law tort principles.'" *McDonough v. Smith*, 588 U.S. 109, 115 (2019) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). The accrual period "is presumptively when the plaintiff has a complete and present cause of action, though the answer is not always so simple…[w]here, for example, a particular claim may not realistically be brought while a violation is ongoing, such a claim may accrue at a later date." *McDonough*, 588 U.S. at 115. "An accrual analysis begins with identifying the specific constitutional right alleged to have been infringed." *Id.* (quotations and citation omitted).

Defendants argue that the two-year period began on August 18, 2020, when Layman alleges he was unlawfully stopped, searched, and falsely arrested, which would mean that Layman then had to bring suit against Defendants by August 18, 2022, almost two years before Layman filed his original complaint on July 25, 2024. Layman argues that his claims arising from Defendants' alleged fabrication of evidence and malicious prosecution did not begin to accrue until February 22, 2023, when the underlying criminal proceedings against him were resolved.

"[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. **From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process** rather than detention itself." *Id*. (emphasis added); *see also Buccini v. Carrasco*, No. 21-cv-03031 2025 WL 947891, at *6 (N.D. Ill. March 28, 2025) ("Because Plaintiffs filed their Complaint against Defendants more than two years after their arrest and release, their Section 1983 false arrest claim is barred by the statute of limitations and is dismissed with prejudice."). To the extent that Layman only asserts a false arrest claim under § 1983, Defendants are correct that such a claim would be time barred. *See Wallace*, 549 U.S. at 397.

Yet Layman argues that his § 1983 claim is premised on malicious prosecution and fabrication of evidence, which are subject to different accrual periods from a false arrest claim. "[T]he gravamen of the Fourth Amendment claim for malicious prosecution, as this Court has recognized it, is the wrongful initiation of charges without probable cause." *Thompson v. Clark*, 596 U.S. 36, 43 (2022). A Fourth Amendment claim under § 1983 for malicious prosecution also requires the plaintiff to show "a favorable termination of the underlying criminal case against him." *Id*. at 44. The common-law tort of malicious prosecution allows for damages for confinement

7

imposed pursuant to legal process, including compensation for arrest and imprisonment. *Savory v. Cannon*, 947 F.3d 409, 414 (7th Cir. 2020) (*citing Heck v. Humphrey*, 512 U.S. 477, 484 (1994)).

In *Heck v. Humphrey*, the Supreme Court expressed concern with parallel criminal and civil litigation and the potential for conflicting judgments if a plaintiff had to bring a civil lawsuit while a criminal proceeding was ongoing, and held that a cause of action for malicious prosecution "does not accrue until a conviction or sentence has been invalidated." 512 U.S. 477, 490 (1994). "Under the *Heck* framework, a claim that directly attacks the validity of a conviction cannot accrue until after the conviction has been terminated in a manner favorable to the plaintiff." *Parish v. City of Elkhart*, 614 F.3d 677, 680-81 (7th Cir. 2010).

After *Heck*, the Supreme Court in *McDonough v. Smith* concluded that a claim based on the fabrication of evidence under § 1983 begins to accrue when a criminal defendant has a favorable termination of his prosecution. 588 U.S. 109 (2019). The Court reasoned that "[a]t bottom, both [malicious prosecution and fabrication of evidence] claims challenge the integrity of criminal prosecutions undertaken 'pursuant to a legal process'" and so, like a malicious prosecution claim, a plaintiff cannot bring a fabricated evidence claim under § 1983 until he receives a favorable termination of his prosecution. *McDonough*, 588 U.S. at 117 (citing *Heck*, 512 U.S. at 484)). The Supreme Court reiterated its concerns as discussed in *Heck* that the favorable termination requirement for a fabrication of evidence claim is rooted "in pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of

8

conflicting civil and criminal judgments." *McDonough*, 588 U.S. at 117-18. Unlike the plaintiff in *Heck,* the plaintiff in *McDonough* was acquitted, not convicted. *Id.* at 119. But because the plaintiff in *McDonough* was similarly challenging the validity of the criminal proceedings against him as the plaintiff in *Heck*, the Supreme Court held that there is not a "complete and present cause of action…to bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing" and so "[o]nly once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck*…will the statute of limitations begin to run." *McDonough*, 588 U.S. at 119-120 (citations omitted). A few years after *McDonough*, the Supreme Court held that a "favorable termination" of a prosecution means that a "plaintiff need only show that the criminal prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 49 (2022).

  Layman alleges that Defendants maliciously prosecuted Layman and fabricated evidence in violation of his constitutional rights. In support, Layman alleges that he was charged with resisting law enforcement on August 19, 2020, that Defendants knowingly fabricated evidence to manufacture false charges against Layman for resisting law enforcement, and that Defendants' conduct was allegedly racially motivated. Layman alleges that he was incarcerated for more than a month following his arrest, that during the criminal proceeding he filed a motion to suppress, and the court found Schwartz's testimony "less than credible" and that Schwartz's conduct of patting down an individual whenever he stops someone "does not comport with the legal standard," and granted Layman's motion to dismiss. (ECF 3 at 7-8). Layman alleges that the

9

Defendants withheld material exculpatory evidence and fabricated false evidence of his guilt. Layman also alleges the Defendants conspired to deprive him of his constitutional rights, that the actions of the Elkhart Police Officers in withholding material exculpatory information from Layman and his counsel were undertaken pursuant to the policies and practices of the Elkhart City Police Department, and that Young failed to supervise Schwartz and encouraged or permitted his employees to fabricate false evidence and withhold exculpatory evidence. Layman alleges that the State dismissed charges against him with prejudice on February 22, 2023. (ECF 3 at 3, 7-8).

Accordingly, under *Heck*, *McDonough*, and *Thompson*, the statute of limitations for Layman's § 1983 claims based on malicious prosecution and the fabrication of evidence began to accrue when Layman received a favorable termination from his criminal case—when the State dismissed the charges against him on February 22, 2023. This means that Layman had two years or until February 22, 2025 to file the instant complaint. Layman timely filed his initial complaint on July 25, 2024, and amended complaint on August 5, 2024.

### b. Layman's state-law claims

Defendants also argue that Layman's state-law claims are time-barred because Layman's allegations amount to a challenge to his arrest and detention, which means his claims accrued when he was released from jail in September or October 2020. Layman argues that, like his federal claims, the state-law claims did not accrue until the State dismissed charges against him on February 22, 2023.

10

The parties agree that the applicable statute of limitations under Indiana law is two years. Ind. Code § 34-11-2-4. "[A] cause of action for a personal injury claim accrues and the statute of limitation begins to run when the plaintiff knew, or in the exercise of ordinary diligence could have discovered, that an injury had been sustained as a result of the tortious act of another." *City of E. Chicago, Indiana v. E. Chicago Second Century, Inc.*, 908 N.E.2d 611, 618 (Ind. 2009). Each of Layman's state-law claims against the City of Elkhart for negligent hiring, training, and supervision (Count VIII), willful and wanton conduct (Count IX), and respondeat superior (Count X), as well as Layman's IIED claim against all Defendants (XI), are predicated on the same conduct underlying Layman's federal claims.

The parties dispute whether the delayed accrual principle set forth in *Heck* applies to Layman's state-law claims such that the statute of limitations on Layman's state-law claims began to accrue once Layman's criminal charge was dismissed. In support, Layman relies on the Seventh Circuit decision *Parish v. City of Elkhart*, 614 F.3d 677 (7th Cir. 2010). The Seventh Circuit, in interpreting and applying Indiana law, found that Indiana adopted the principle set forth in *Heck* that the limitations period on a claim that relates to tortious conduct that continued through or beyond the point of conviction and directly implicates the validity of a conviction does not accrue until the conviction has been disposed of in a manner favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 684 (7th Cir. 2010). In evaluating whether Parish plausibly alleged facts to support his IIED claim, the Seventh Circuit held that Parish alleged that he was innocent and that the officers committed perjury, falsified evidence, coerced witnesses

11

to commit perjury, and withheld exculpatory evidence, and so "under Indiana's adoption of *Heck,* Parish could not have brought these claims until his conviction was disposed of in a manner favorable to him." *Parish*, 614 F.3d at 677 (holding plaintiff's claims timely when brought within two years of his exoneration).

Defendants argue that *Heck* is inapplicable because Layman was not convicted. But recall that the Supreme Court extended the principle set forth in *Heck* to federal claims by non-convicted criminal defendants in *McDonough* and *Thompson* because the federal claims nonetheless directly challenged the validity of the criminal proceedings, and were also "rooted in pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments." *McDonough*, 588 U.S. at 117-119. Thus, under Indiana's adoption of the *Heck* framework, and the Supreme Court's application of the *Heck* framework to non-convicted plaintiffs in *McDonough* and *Thompson*, Layman's state-law claims based on facts alleged in parallel to his § 1983 claims arising from malicious prosecution and fabrication of evidence that directly attack the validity of his underlying criminal proceeding began to accrue when the State dismissed charges against him in February 22, 2023.

But even if the *Heck* framework does not apply to Layman's state-law claims, Layman alleges additional, independently actionable torts that allegedly occurred following his unlawful arrest that are within the two-year limitations period. *See Shakur v. Hendrix*, 234 N.E.3d 194, 202 (Ind. Ct. App. 2024) ("When a loss is intermittent and recurring, 'new limitations are triggered' each time the loss occurs.") (quoting *Kerr v.*

*City of S. Bend*, 48 N.E.3d 348, 355 (Ind. Ct. App. 2015)). Layman alleges that at a December 21, 2022 hearing on Layman's motion to suppress, Schwartz testified that he "smell[ed] marijuana as he [was] driving by," which the court found to "be less than credible," and that Schwartz testified that he automatically did a pat down whenever he stopped someone, and the court found Schwartz's actions to "not comport with the legal standard." (ECF 3 at 7). Layman's allegations of withholding of exculpatory evidence and the fabrication of evidence that occurred even after his arrest underly his state-law claims for negligent hiring, training, and supervision claim, willful and wanton conduct in hiring, and respondeat superior against the City of Elkhart. Layman's intentional infliction of emotional distress claim against all Defendants likewise stems from the fabrication of evidence and withholding of exculpatory and impeachment evidence that Layman alleges occurred by Schwartz when he testified at the December 21, 2022 suppression hearing. Layman's allegations are like those in *Alexander v. United States* where the Seventh Circuit reversed the lower court's determination that an intentional infliction of emotional distress claim was time-barred because the plaintiff alleged a series of independently actionable harms after his alleged unlawful arrest that occurred within the limitations period, including that the defendants committed perjury. 721 F.3d 418, 423 (7th Cir. 2013).

Accordingly, because Layman has not pled facts sufficient to show that his state-law claims are time-barred, Defendants' motion to dismiss based on Layman's complaint being untimely is denied. *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006).

13

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss (ECF 12) is **DENIED**.

SO ORDERED on September 18, 2025.

                                                              /s/*Cristal C. Brisco*
                                                              CRISTAL C. BRISCO, JUDGE
                                                              UNITED STATES DISTRICT COURT