UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HAHKEEM JAMAL LAYMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:24-CV-000602-CCB-SJF |
| CITY OF ELKHART, MATTHEW SCHWARTZ, and DUSTIN YOUNG, in their individual capacities, | ) ) ) ) |
| Defendants. | ) ) |

## REPORT OF PARTIES' PLANNING MEETING

1. The Parties conferred under Fed. R. Civ. P. 26(f) via electronic mail and agreed to this Report on October 30, 2025. Plaintiff's counsel, Elliot Slosar and Katheryn Montenegro of Loevy & Loevy, participated for the Plaintiff, and Rafael McLaughlin, Esq. and Deiona Camargo, Esq. participated for Defendants.

2. Jurisdiction. The Court has jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1983, and 28 U.S.C. § 1343.

3. Pre-Discovery Disclosures. The Parties will exchange, but may not file, Rule 26(a)(1) initial disclosures by **January 30, 2025**.

4. Discovery Plan. The Parties propose the following discovery plan.

    a. Discovery will be needed on the following subjects: Plaintiff's allegations in his Complaint, Defendants' denials and affirmative defenses, damages, and expert discovery. Parties anticipate utilizing written discovery, depositions, non-party discovery, and other methods to investigate Plaintiff's claims and establish Defendants' defenses.

b. Disclosure or discovery of electronically stored information should be handled as follows: The parties do not anticipate significant electronic discovery and agree at this time to production of documents in PDF or similar format. Should the need arise to resolve an issue regarding electronic discovery, including but not limited to cost allocation and/or the nature or volume of metadata being requested, the parties will notify the Court if they are unable to reach agreement. The parties agree that if counsel for either party inadvertently discloses information subject to a claim of privilege, such disclosure shall not constitute a waiver of the privilege. When a party learns that privileged information, either received or produced, has been inadvertently disclosed, the party shall notify the other party in writing. The party to whom the inadvertent disclosure was made shall return the document so that it may be withheld or redacted as appropriate and identified in a privilege log. The parties acknowledge that either party may challenge the other party's claim of privilege pursuant to Rule 37 of the Federal Rules of Civil Procedure.

c. The last date to complete discovery is: **April 30, 2027**

d. The last date to file dispositive motions is: **June 1, 2027**

e. Maximum of 25 interrogatories by each party to any other party.

f. Maximum of 30 requests for admission by each party to any other party, not counting requests that relate to the authenticity of a document.

g. 10 depositions by each party without leave of Court.

h. Each deposition is limited to a maximum of 7 hours of testimony time unless extended by stipulation.

i. The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

      i.      **December 31, 2026** for Plaintiff;

      ii.      **March 1, 2027** for Defendants; and

      iii      **March 31, 2027** for Rule 26(e) supplementation.

Other Items.

    a.    The last date the Plaintiff may seek permission to join additional parties and to amend the pleadings is **December 30, 2025**.

    b.    The last date the Defendant may seek permission to join additional parties and to amend the pleadings is **January 30, 2027**.

    c.    The time to file Rule 26(a)(3) pretrial disclosures will be governed by separate order.

    d.    The case should be ready for jury trial by **October 2027** and is expected to take less than 10 business days.

    e.    At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

5.    Alternative Dispute Resolution. The case's settlement prospects may be enhanced via the following ADR procedure: Mediation. The parties have not yet selected a mediator but agree to mediate by **October 31, 2026**.

6.    Other.  None at this time.

<table>
<tr><td>

/s/      Elliot Slosar  
Elliot Slosar  
Jon Loevy  
Katheryn Montenegro  
LOEVY & LOEVY  
311 N. Aberdeen, 3rd Floor  
Chicago IL  60607  
*Counsel for Plaintiff*

</td><td>

/s/ Rafael P. McLaughlin  
Rafael P. McLaughlin (32466-02)  
Deiona M. Camargo (39157-82)  
REMINGER CO., LPA  
1690 Broadway, Bldg. 19, Ste. 10  
Fort Wayne, IN 46802  
rmclaughlin@reminger.com  
dcamargo@reminger.com  
*Counsel for Defendants*

</td></tr>
</table>