**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

HAHKEEM JAMAL LAYMAN,                )
                                     )
            Plaintiff,               )
                                     )
      v.                             )          Case No. 3:24-cv-602-CCB-AZ
                                     )
CITY OF ELKHART, MATTHEW             )
SCHWARTZ, and DUSTIN YOUNG, in       )
their individual capacities,         )
                                     )
            Defendants.              )

<u>**OPINION AND ORDER**</u>

This matter is before the Court on Defendants' Motion to Strike Portions of Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(f) [DE 25]. This is a civil rights lawsuit in which Plaintiff Hahkeem Jamal Layman alleges he was the victim of intentional, racially motivated misconduct by members of the Elkhart Police Department. Defendants move to strike more than five pages of the amended complaint (paragraphs 73 through 106) on the basis that they are "sensationalized and irrelevant allegations" which predate the allegations of Plaintiff's Amended Complaint. DE 26 at 1. Plaintiff opposes the motion and says these allegations are fully permissible pleading matter because they provide necessary context for Plaintiff's allegations against members of the Elkhart Police Department. The Court will deny motion because Defendants fail to meet Rule 12(f)'s high burden for striking factual allegations from a pleading.

## Background

In his complaint, Plaintiff Hahkeem Jamal Layman alleges that on August 18, 2020, he was arriving home when Defendant Matthew Schwartz, an officer with the Elkhart Police Department, racially profiled him, conducted an unlawful search, and violently assaulted him without justification. DE 3 (Am. Compl.) at 2. Plaintiff then alleges that in order to cover up Defendant Schwartz's illegal conduct, other members of the Elkhart Police Department joined in a conspiracy, including fabricating evidence. *Id.* at 3-6. Plaintiff was criminally charged and incarcerated for more than a month when a state court granted a motion to suppress, and the State later dismissed the charges against him with prejudice. *Id.* at 3, 7-8. Plaintiff alleges that these constitutional violations were the result of the individual officers' actions, as well as the Elkhart Police Department's policies and practices. *Id.* at 11.

At issue in this motion are 33 paragraphs within the amended complaint which fall under the headings "Defendant City of Elkhart Has a Pattern and Practice of Systematic Police Misconduct" (DE 3 at ¶¶ 73–82), "The Systematic Police Misconduct at the Elkhart Police Department Enabled a Group of Officers to Create a Gang Referred to as 'the Wolverines,' Who Were Known to Prey on People of Color" (*id.* at ¶¶ 83–98), "A Federal jury Has Already Determined that Defendant City of Elkhart Violated Christopher Parish' Constitutional Rights" (*id.* at ¶¶ 99–106). They detail various and extensive allegations of police and prosecutorial misconduct which Plaintiff claims is the backdrop to which his own arrest and aborted prosecution occurred.

2

As the headings to these allegations show, this is not the first case brought by individuals who have alleged, and some of whom have proven at trial, that they were victims of police and prosecutorial misconduct by individuals associated with the City of Elkhart. Indeed, there have been several lawsuits in this District filed in the last decade relating to allegations of police and prosecutorial misconduct by government officials within the City of Elkhart, a city of approximately 50,000 people. *E.g.*, *Parish v. City of Elkhart, Ind.*, 702 F.3d 997, 998 (7th Cir. 2012) ("This appeal concerns a civil action brought under 42 U.S.C. § 1983 by Christopher Parish seeking damages for his wrongful conviction based on a violation of the Due Process Clause.") (granting plaintiff a new trial on damages after trial court disallowed evidence of plaintiff's innocence at trial); *Royer v. Elkhart City of*, No. 3:22-CV-254 JD, 2022 WL 17600377, at *1 (N.D. Ind. Dec. 13, 2022) ("According to the Complaint, [Plaintiff's guilty] verdict was the tragic culmination of police officers in the Elkhart Police Department and a deputy prosecutor fabricating multiple pieces of evidence, including an involuntary confession from Royer, a coerced statement from a corroborating witness, and fingerprint evidence from a witness who held himself out as a former fingerprint analysis with the FBI, but who had never trained with the FBI to conduct latent fingerprint comparisons."); *Sims v. City of Elkhart*, No. 3:19-CV-1168 JD, 2022 WL 3348833, at *1 (N.D. Ind. Aug. 11, 2022) ("Plaintiff Mack Sims sued Defendants City of Elkhart, John Faigh, and Charles Wicks after being exonerated and released from a lengthy prison sentence for attempted murder."); *Cooper v. City of Elkhart*, No. 3:17-CV-834-PPS-MGG, 2019 WL 357010, at *1 (N.D. Ind. Jan. 29, 2019) ("This lawsuit is

the latest chapter in a long running story involving Keith Cooper, a man who was convicted of armed robbery, sentenced to 40 years in prison, and served more than eight years before his conviction was called into question, and he was released."). Defendant seeks to have references to these cases and other historical incidents stricken from Plaintiff's complaint.

### Discussion

Rule 12(f) of the Federal Rules of Civil Procedure authorizes courts to "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are generally disfavored because they consume scarce judicial resources on non-dispositive matters, *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006), and "potentially serve only to delay," *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted). But "where...motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id.* In other words, motions to strike are very context specific.

Defendants, following the headings utilized by Plaintiff, group the portions of the amended complaint they seek to have stricken into three general categories: (1) paragraphs 73–82 which relate to an alleged "pattern and practice of systematic police misconduct" which discuss, amongst other things, events that occurred in the 1990s or more than three decades prior to Plaintiff's arrest which is the subject of this lawsuit; (2) paragraphs 83–98 which relate to a "cop gang" within the Elkhart

4

Police Department called "the Wolverines" which likewise originated in the 1990s; and (3) paragraphs 99–106 which relate to other civil rights lawsuits against the City of Elkhart and the Elkhart Police Department. In Defendants' view, these allegations are irrelevant sensationalism which has no bearing on what did or did not occur when Plaintiff was arrested in 2020 and the subsequent criminal proceedings against him. On the other hand, Plaintiff argues that these allegations provide necessary context for what occurred to him during his alleged ordeal, and they are highly relevant to his failure to adequately train or supervise and *Monell* claims against the City of Elkhart. While the Court has reviewed each of the challenged paragraphs and agrees that there are varying levels of facial relevancy to Plaintiff's allegations, at this early stage of the case, trying to slice and dice them to arrive at individual determinations of relevancy would be rather arbitrary. Thus, in the Court's view, the challenged portions should rise and fall together.

In support of their argument, Defendants primarily rely on *Williams-Saddler v. Lancaster*, 2024 WL 1677407 (N.D. Ill. Apr. 18, 2024), a case involving allegations of police misconduct against members of the Chicago Police Department. The Court agrees that this case is instructive but on balance, finds it more supportive of Plaintiff's position than Defendants'. The court in *Williams-Saddler* remarked that the allegations there (most of which dated back more than 50 years) were "so old and outrageous that they are not materially relevant" to the incident alleged to have occurred 2023, and so it struck the allegations as drafted. *Williams-Saddler*, 2024 WL 1677407 at *But in the following sentence of that opinion, the court expressly

permitted the plaintiff "to make brief reference to this history for contextual purposes" in their amended complaint. *Id.* The Court likewise refused to strike other historical allegations concerning misconduct, including a DOJ Report on police misconduct in Chicago form seven years prior, even though it likely had "little to say about the relevant state of affairs in 2023." *Id.* As the court noted, this information was "relevant to the element of deliberate indifference in a *Monell* claim." *Id.* Here, Plaintiff has raised a *Monell* and inadequate supervision claims in this lawsuit, so the information regarding past practices (*i.e.*, informal policies and procedures) is plausibly relevant to the *Monell* claim. More importantly, it is simply too early to say what, if any, bearing these allegations may have on Plaintiff's claims of a pattern and practice by Defendants. The evidence may show a cessation by the time of Plaintiff's interactions with police and prosecutors, or they may not. That uncertainty counsels in favor of letting Plaintiff remain the master of his own complaint and not artificially circumscribe the contours of the case at the outset. *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1012 (7th Cir. 2021). Defendants can seek to narrow the issues at a later time, by opposing disproportionate or overbroad discovery, moving for summary judgment, or through a motion in limine before trial.

Defendants also rely heavily on *Hardin v. Am. Elec. Power*, 188 F.R.D. 509 (S.D. Ind. 1999). But the central issue in that case was that the complaint was so convoluted and complex it was difficult for the defendants to answer it. *Hardin*, 188 F.R.D. at 512 ("Hardin's complaint is excessively long, complex and confusing."). Here, Defendants have already responded twice to Plaintiff's complaint, first through

a motion to dismiss and then with an answer to the amended complaint after the motion was denied. DE 12, 18, 24. Unlike *Hardin*, Defendants have been able to answer the allegations, mostly through denials. *See generally* DE 24 (Answer) at 14-22. Thus, the rationale of *Hardin* and similar cases is inapplicable.

Given the uncertainty that exists at the early stages of a case, and the Seventh Circuit's general disfavor of motions to strike, the Court will take a conservative approach and not strike the allegations. This is consistent with the result in yet another case currently pending in this District alleging a pattern of police and prosecutorial misconduct within the City of Elkhart. *See Dunn v. Sigsbee*, No. 3:24-CV-601-CCB-JEM, 2025 WL 2643363, at *7 (N.D. Ind. Sept. 15, 2025) ("At this stage of the proceeding, the Court finds that Dunn's references in his complaint to him being an exoneree are not redundant, immaterial, impertinent, scandalous, or prejudicial."). That is not to say that the Court is entirely unsympathetic to Defendants slippery slope or flood-gates-type argument, *see* DE 34 ("If Plaintiff's approach were accepted, any litigant could include decades of old rumors and unrelated accusations in their lawsuit…"), or that it fails to see the potential for abuse or harassment by allowing this case to expand beyond something it is not. But that is a question poorly answered in the abstract during the early stages of the case with a motion to strike. The same is true for Defendants' argument that these portions of the amended complaint "remain severely unduly prejudicial to Defendants because they could mislead the factfinder to believe that the [Elkhart Police Department's] purported history of alleged wrongdoing 30 years ago is at issue in this case." *See* DE

7

26 at 7. "A motion to strike under Rule 12(f) is not a mechanism for deciding disputed issues of law or fact, … and the factual issues on which the motion to strike largely depends are disputed." *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011).

Down the road, to the extent the parties have a dispute regarding the appropriate scope of discovery, or admissibility of evidence at summary judgment or trial, the Court can assess these issues with more context. As in *Williams-Saddler*, "none of the Court's statements in this opinion should be construed as a ruling on the scope of discovery or what evidence can be admitted at trial, should this case reach either of those stages of litigation." 2024 WL 1677407, at *4. Defendants may renew these arguments at a more appropriate time as they see fit.

### Conclusion

For the reasons discussed, Defendants' Motion to Strike Portions of Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(f) [DE 25] is **DENIED**.

So ORDERED this 12th day of May 2026.

*/s/ Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

8